On Motion for Rehearing.
RAMSEY, J.
A further consideration of the facts of this case, in the light of the able argument filed on behalf of appellant, has convinced a majority of the court that the evidence in this case is not sufficient to sustain the verdict of conviction.
The statement of the case made in the original opinion is slightly inaccurate in the broad statement that the three parties indicted were companions, and that they made a saloon in Forth Worth in what is termed “Hell’s Half Acre” their rendezvous. The facts show that the appellant in this case, before the robbery, was seen with the other parties only a very few times and then not in any sense as being intimately associated with them. And especially, the record further shows, that not a single witness introduced, either by the state or defendant, recognized and identified appellant as having been seen by them in Hamilton county. Some of the witnesses say positively that he was not one of the three men seen together at or about the time of the robbery. Others of them say that there was a small man, but that appellant' was smaller than the small man who constituted one of the three. The strongest testimony in the record is to the effect, merely, that appellant resembled the little man who constituted one of the three. The particulars of this resemblance and in *263 what it consists is not shown. The opinion correctly states the facts with reference to the subsequent association of the parties in Fort Worth, and this testimony furnishes strong presumptive evidence that he must have known that their recently acquired wealth was ill-gotten. While it may be conceded that the testimony throws a strong suspicion on appellant, yet, in the absence of any identification of him by any witness and in the'face of the testimony of nearly all of the witnesses that he was smaller than the small man with the party, we feel like to affirm this case in the state of the record before us would be to do so rather on suspicion and inference, than upon any direct or convincing testimony. We have deemed it unnecessary to set out the facts, but have rather stated the conclusions from them.
While we should have and do have a proper regard for the verdict of the jury, as well as the opinion and judgment of the learned trial court, at last the responsibility must rest with us whether any citizen of Texas should be consigned to the penitentiary in a case where a careful examination discloses an absence of any evidence authorizing or supporting it. This responsibility we have no disposition to evade.
Conscious of what it means, we must follow our judgment, which is that the evidence is wholly insufficient, and for this reason the motion for rehearing will be granted, the judgment of affirmance set aside, and the cause reversed and remanded.